# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 CR 06-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| AMBER DAWN KEEL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#44) filed in the above entitled cause on April 19, 2012 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared the defendant was present with her counsel, Al Messer, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through her attorney, admitted the allegations contained in the Violation Report. The government introduced without objection the Violation Report into evidence. Testimony was then

presented by the government through Robert T. Ferguson, United States Probation Officer.

The defendant was charged in a bill of indictment filed on February 8, 2012 with two counts of robbery and one count of first degree burglary. A hearing was held in regard to the detention of the defendant on April 21, 2012. On that date, the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) defendant must not violate any federal, state or local law while on release.

(8)(p) defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.S. § 802 unless prescribed by a licensed medical practitioner.

(8)(u) defendant must report as soon as possible to the pretrial service office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On February 28, 2012, defendant was charged with no operators license in Jackson County, NC. Defendant did not report this contact with law enforcement personnel to the United States Probation Officer. Defendant was scheduled to appear in Jackson County District Court on April 13, 2012 in regard to this charge but

defendant did not appear and an order for her arrest was issued. On March 23, 2012 defendant submitted to an urinalysis test which revealed that she had used opiates or morphine. Defendant admitted that she taken Percocet but reported to the probation office that she had a prescription for this medication due to an abscessed tooth. On April 16, 2012 defendant admitted that she had never obtained a prescription for this drug.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>	(1)	finds that there is----
>	(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>	(B) clear and convincing evidence that the person has violated any other condition of release; and
>	(2)	finds that ---
>	(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>	(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>	If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

3

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant committed a state crime while on release. The possession of Percocet without a prescription is at least a state felony. N.C.G.S. § 90-95(a)(3)

There has been further shown by clear and convincing evidence that defendant violated other conditions of her release in that it has been shown that defendant violated the term and condition of release which required that she not violate any federal, state or local law while on release due to her driving at a time when she did not have a valid North Carolina drivers license. Defendant also violated the condition of release that required that she report as soon as possible to the Office of Probation and Pretrial Services any contact that she had with law enforcement personnel. This occurred on February 28, 2012 when defendant failed to report the issuance of a citation to her in Jackson County, NC charging her with operating a vehicle with no drivers license.

Due to the findings made above and considering the factors set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that would assure that defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the

4

undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: May 1, 2012

Dennis L. Howell
United States Magistrate Judge